IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA JAMES HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–0602−JPG |
| | ) | |
| JEFFERSON COUNTY JUSTICE CENTER, | ) | |
| JAMES MOUNT, | ) | |
| LT. HAYNES, | ) | |
| BONNIE MAE, and | ) | |
| TRAVIS ALLEN | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joshua James Hart, an inmate in Jefferson County Justice Center ("Justice Center"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declarative relief, injunctive relief, monetary damages, and costs and fees. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Amended Complaint**

Plaintiff originally filed suit on June 7, 2017. (Doc. 1). On July 10, 2017, he moved the Court to permit him to file a supplemental complaint. As neither the Federal Rules of Civil Procedure nor the local rules contemplate supplements, the Court directed Plaintiff to specify whether he wished the Court to file the supplemental complaint as the amended complaint. (Doc. 8). The Court specifically instructed Plaintiff that any amended complaint would render the original complaint void. (Doc. 8). Plaintiff filed a response to the Court's Order on August 3, 2017 and indicated that he wanted the supplemental complaint filed as the Amended Complaint. (Doc. 9). The Amended Complaint was accordingly filed on August 7, 2017. (Doc. 12).

Plaintiff attempted suicide on March 29, 2017. (Doc. 12, p. 3). He was placed under suicide watch until April 3, 2017. *Id.* Prior to his release from suicide watch, Comprehensive Services told Plaintiff that he had a history of mental illness, remained a suicide risk, and needed counselling and/or psychological therapy. *Id.*

2

Plaintiff began feeling depressed again in June 2017. *Id.* He requested to speak with a doctor, therapy, and/or counseling services, but each request was met with "no such service is offered." *Id.* Plaintiff filed a grievance on this issue on June 8, 2017; Lt. Haynes responded and denied Plaintiff relief. *Id.* After receiving Haynes' initial response, Plaintiff filed an emergency grievance that same day, to which Mount replied, "we do not have mental health services." (Doc. 12, p. 4). Plaintiff filed another grievance requesting mental health treatment on June 12, 2017; Mount denied it. *Id.*

On June 13, 2017, Plaintiff attempted suicide by slashing his left wrist. *Id.* He was airlifted to Saint Louis University Hospital where he underwent surgery. (Doc. 12, p. 5). Plaintiff returned to the Justice Center on June 14, 2017. *Id.* He was once again placed on suicide watch. *Id.* On June 15, 2017, Plaintiff was given a "water" shower, but was denied soap and other hygiene supplies. *Id.* The same thing happened on June 18, 2017. *Id.* Plaintiff also alleges that his cell is supposed to be cleaned when he showers, but that did not happen on either June 15 or 18. *Id.*

Plaintiff complained to Haynes about his lack of hygiene items and his dirty cell. (Doc. 12, pp. 5-6). He also complained that the ceiling directly over the bed had begun to leak on June 17, 2017. (Doc. 12, p. 6). Haynes told Plaintiff he would submit a work order about the leak and contact the First Shift, who was in charge of showers and cleaning supplies, about Plaintiff's other complaints. *Id.* Plaintiff also verbally grieved to Mae and Mount, but his concerns were never addressed. *Id.* Plaintiff was released from suicide watch on July 5, 2017. (Doc. 12, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1 –** Hayes and Mount were deliberately indifferent to Plaintiff's serious mental health needs in violation of the Eighth Amendment when they denied his grievances seeking treatment in June 2017;
>
> **Count 2 –** Allen and Jefferson County had an official policy of not providing mental health services to inmates of the Justice Center in violation of the Eighth Amendment;
>
> **Count 3 –** Plaintiff was subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment when he was deprived of hygiene items, showers, a clean cell, and subjected to a ceiling leak, and Hayes, Mae, and Mount refused to intervene.

As to Plaintiff's **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Seventh Circuit has previously found that prison suicide meets the objective element. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). Although this case addresses an attempted

suicide and not a completed one, the difference is minor. Plaintiff has alleged that he needed emergency medical treatment, including surgery as a result of his act. The Court finds that Plaintiff has adequately pleaded that his mental health issues constitute a serious medical need.

The second element of the deliberate indifference framework in a suicide case requires the plaintiff to demonstrate that the defendant subjectively knew that the prisoner was at a substantial risk of committing suicide and intentionally disregarded that risk. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). Here Plaintiff has alleged that he repeatedly asked Hayes and Mount for mental health treatment in the wake of his first suicide attempt, and that they did not act to secure him treatment. At this stage, Plaintiff has made a plausible allegation against Hayes and Mount for deliberate indifference to his serious medical need, and **Count 1** will be allowed to proceed.

Turning now to **Count 2**, the Complaint has raised a plausible inference that Plaintiff's harm occurred because the Justice Center had no policy providing for mental health treatment, other than to place inmates on suicide watch. Plaintiff named Sheriff Travis Allen, the Sheriff of Jefferson County as a Defendant. Allen is plausibly responsible for promulgating any jail policies, and an unconstitutional policy can be the basis for liabilty.

"A municipality [or other unit of local government] may be liable for harm to persons incarcerated under its authority 'if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'" *Estate of Novack ex rel. Turbin v. County of Wood,* 226 F.3d 525, 530 (quoting *Payne v. Churchich,* 161 F.3d 1030, 1043 (7th Cir. 1998)). The municipal policy or practice must be the "direct cause" or "moving force" behind the constitutional violation, which a plaintiff may show directly by demonstrating that the policy is itself unconstitutional. *Id.* at 530–31. If a plaintiff cannot identify any formal policy

that is unconstitutional, the plaintiff may show deliberate indifference through "a series of bad acts" creating an inference that officials were aware of and condoned the misconduct of their employees. *Id.* at 531 (quotation omitted).

Here Plaintiff has alleged that he was denied treatment because the Justice Center did not have a policy of providing mental health services to inmates. He has further alleged that if the Justice Center had such a policy, he would have availed himself of such treatment prior to his second suicide attempt. It is a reasonable inference that a policy of refusing to provide mental health treatment could have caused Plaintiff's second suicide attempt, and so **Count 2** will be allowed to proceed against Allen in his official and individual capacities.

Additionally, when a county sheriff is sued in his official capacity, the county is a necessary party for the purposes of obtaining damages. *Carver v. Sheriff of LaSalle County, Ill.*, 324 F.3d 947, 948 (7th Cir. 2003). Jefferson County is only a party to this litigation for the purposes of funding any damages award that Plaintiff might receive as a result of his claim against Allen in his official capacity. *See Roger Whitmore's Auto Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 676 (7th Cir. 2005) (clarifying that the requirement that a county is a necessary party is only to address the "Illinois law that requires counties to bear financial responsibility for damages. . ."). Jefferson County is a necessary party for damages purposes, and will be added to this case for the purposes of **Count 2**

Finally, turning to **Count 3**, the Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,' " and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th

Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987).

Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here Plaintiff has alleged that he was deprived of all hygiene items for a short period of time, and that he was exposed on unsanitary conditions in his cell. He has further alleged that a leak above his bed rendered it unusable. At the pleading stages, this is a sufficient allegation that Plaintiff has been deprived of the minimal civilized measure of life's necessities. Plaintiff has also adequately pleaded that Hayes, Mae, and Mount were personally involved in the deprivation because Plaintiff complained to them and they failed to act to resolve the conditions. **Count 3** survives threshold review.

Plaintiff's Complaint specifically states that he is bringing claims against all individual defendants in both their official and individual capacities. (Doc. 12, p. 1). As discussed above, Allen as Sheriff is an appropriate defendant in his official and individual capacity for the alleged unconstitutional policy of the Justice Center, but the other individual defendants are not "persons" in their official capacities under § 1983 for the purposes of this suit. Plaintiff can only bring claims against individuals that were personally involved in the deprivation of which he complains. There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Therefore, to the extent that Plaintiff has attempted to

bring claims against any defendant in their official capacity, those claims must be dismissed, with above exception.

Plaintiff has also attempted to bring suit against the Jefferson County Justice Center. As discussed above, it is appropriate to have Jefferson County as a defendant, but the Justice Center is not a suable division of the county. Under Federal Rule of Civil Procedure 17(b), a defendant named in a law-suit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 3d Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D.Ill. 1992); *see West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1. Therefore the Jefferson County Justice Center will be dismissed with prejudice as a Defendant.

## Pending Motions

Plaintiff's Motions seeking recruitment of counsel will be addressed by a United States Magistrate Judge by separate order. (Doc. 2) (Doc. 10).

Plaintiff's Complaint states that he seeks relief pursuant to Fed. R. Civ. P. 65, Preliminary Injunction. Plaintiff also specifically requests a preliminary injunction in the Complaint: "A preliminary and permanent injunction ordering defendants . . . to receive better training in dealing with psychologically sensitive detainees, as well as undergo 're-training' in divisions of labor and what exactly their position entails. Furthermore, a disciplinary action taken, such as but not limited to employment termination." (Doc. 12, p. 9). Plaintiff has not filed a separate motion for a preliminary injunction, but the Clerk is **DIRECTED** to add a motion for a preliminary injunction to the docket, and the Motion is referred to the Magistrate Judge assigned to this case for prompt disposition.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review against Mount, Haynes, Mae, and Allen. Jefferson County Justice Center is **DISMISSED with prejudice** as an improper party. The Clerk of Court is **DIRECTED** to add Jefferson County to the docket as a necessary party for damages purposes as to **Count 2**. The Clerk of Court is further **DIRECTED** to docket a motion for a preliminary injunction.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Jefferson County, James Mount, Haynes, Bonnie Mae, and Travis Allen: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waive r of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 24, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**