IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA JAMES HART, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-602-JPG-DGW |
| JAMES MOUNT, LT. HAYNES, BONNIE MAE, TRAVIS ALLEN, and JEFFERSON COUNTY, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Now pending before the Court is the Motion for Preliminary Injunction filed by Plaintiff, Joshua James Hart, on August 24, 2017 (Doc. 14). The Motion is **DENIED AS MOOT**.

This motion was contained in Plaintiff's *pro se* amended complaint: in his prayer for relief he sought injunctive relief related to his incarceration at the Jefferson County Justice Center, where Defendants are employed (Doc. 12). At a recent status conference conducted by Magistrate Judge Wilkerson (Doc. 35), Plaintiff, who is now represented by counsel, stated that the motion for injunctive relief is moot because he has been transferred to the Chester Mental Health Center. A preliminary injunction is an extraordinary remedy for which there must be a clear showing. *See Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). Plaintiff's transfer to a different institution moots his claims for injunctive relief as to Defendants and his previous place of incarceration. *See Young v. Lane*, 922 F.2d 370, 373-374 and n.8 (7th Cir. 1991) (plaintiff's request for injunctive relief regarding an exercise of religion claim mooted by transfer to another prison); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Should Plaintiff be re-transferred to the Jefferson County Justice Center, he may refile his motion consistent with Federal Rule of Civil Procedure 65. *Id*.

**IT IS SO ORDERED.**
**DATED: January 17, 2018**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**